HERBERT F. PIERCE & another *vs.* DAVID M. CRAWLEY & others. December 23, 1976. There was nothing in the allegations of the substitute complaint which would have warranted an inference that either of the plaintiffs had any private right in or to (a) the covenant executed by the original developers under the provisions of the fifth paragraph of G. L. c. 41, § 81U (as amended through St. 1963, c. 581), or (b) any of the funds deposited by subsequent owners of the development under that paragraph. See and compare *Gordon* v. *Robinson Homes, Inc.* 342 Mass. 529, 531-532 (1961). Accordingly, the allegation that the planning board had "voted to release the funds held by the [t]reasurer of the [t]own ... knowing full well" that no measures had been taken to correct the cause of the injuries complained of by the plaintiffs could not be taken to mean that the vote of any of the individual members of the board had been cast in bad faith, maliciously or corruptly so far as either plaintiff was concerned. See *Gildea* v. *Ellershaw,* 363 Mass.

800, 805, 820 (1973). The plaintiffs' request for leave to amend the substitute complaint is denied, and the judgment of dismissal is affirmed.

*So ordered.*

The case was submitted on briefs.

*Douglas A. Hale* for the plaintiffs.

*Robert L. Shea,* Town Counsel, for the defendants.